(Reap. Dec. 9852)

Lyons Transport v. United States

Entry Nos. 15130; 3187; 1644.

(Decided November 23, 1960)

*Michael Stramiello, Jr.*, for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

Mollison, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties herein:

1. The merchandise marked "A" and initialed JC by James D. Coleman, on the invoices herein consists of "SIGMAVAR" which was appraised on the basis of American selling prices as defined in Section 402(g) of the Tariff Act of 1930, and is the same in all material respects to the subject merchandise in *BLUE-FRIES NEW YORK INC.* v. *UNITED STATES*, C.D. 1909, wherein it was held that such merchandise is classifiable under the provisions of paragraph 75 of the 1930 Tariff Act for "all other varnishes * * * not specially provided for," and is dutiable at 10 per centum ad valorem, and that the appraisement on the basis of American selling price was void, and is also the same in all material respects to the subject merchandise in *BLUEFRIES NEW YORK INC.* v. *UNITED STATES*, R.D. 9235, wherein it was held that export value, as defined in Section 402(d) of the Tariff Act of 1930, was the proper basis for the determination of the value of such merchandise and that such value was U.S.

$5.50 per gallon, less 2 percent, less packing, freight, duty, delivery charges and customs entry charges.

2. The market value or price of merchandise such as or similar to that marked and initialed on the invoices herein as aforesaid at the time of the exportation thereof to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States was U.S. $5.50 per gallon, less 2 percent, and less packing, freight, duty, delivery charges and customs entry charges.

3. There was no higher foreign value for such or similar merchandise.

On the agreed facts, I find export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise marked "A" and initialed JC by James D. Coleman on the invoices herein, and that such value was United States $5.50 per gallon, less 2 per centum, and less packing, freight, duty, delivery charges, and customs entry charges.

As to all other merchandise, the appeals for reappraisement are dismissed.

Judgment will issue accordingly.